UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| SHARON WALTON-LENTZ | CIVIL ACTION NO. 08-601 |
|---|---|
| VERSUS | JUDGE TRIMBLE |
| INNOPHOS, INC. | MAGISTRATE JUDGE KIRK |

### MEMORANDUM RULING

Before the court is a motion to clarify and/or amend our prior ruling in order to address claims not ruled upon, filed by defendant Innophos, Inc. ("Innophos").[1] The motion asserts that the court failed to address its motion for summary judgment as it related to plaintiff's claims for discriminatory discharge based on age under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., and the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. 23:301, et seq. The motion asserts that, because of the court's ruling preserving plaintiff's retaliatory discharge claims, plaintiff's claims for age-based discriminatory discharge should be dismissed since plaintiff cannot simultaneously maintain both claims because of the "but for" causation required in order to prove discriminatory discharge.[2]

In response, plaintiff argues that dismissal of her age discrimination claims under the ADEA and LEDA is inappropriate because the evidence in this case would form a reasonable basis upon which a jury could base a finding that, but for plaintiff's age, she would not have been fired from her

---

[1] R. 66.

[2] R. 66-1 at p. 2.

1

job.³

We note, at this point, that the portion of our ruling construing the scope of the EEOC charge filed by plaintiff was certified for immediate appeal pursuant to Fed. R. Civ. P. 54(b) and that plaintiff has taken such appeal, as reflected in the notice of appeal filed on March 23, 2011.⁴ Since the issue presented by the instant motion lies outside the scope of the interlocutory appeal now pending before the Fifth Circuit, we find that we possess jurisdiction to consider the instant motion.⁵

In our prior ruling, we cited the United States Supreme Court's holding in Gross v. FBL Financial Service, Inc.,⁶ which instructs that, as argued by Innophos, a plaintiff alleging retaliatory discharge under the ADEA must demonstrate that engagement in the protected activity was the "but for" cause of the employee's termination. Examining the facts before us, we then found that plaintiff successfully demonstrated a prima facie case of retaliatory discharge under the ADEA because she was able to offer evidence which, if deemed credible, would form a reasonable basis for a jury's finding that (1) plaintiff engaged in a protected activity in reporting what she believed to be age-based discrimination to management; (2) that plaintiff was subjected to an adverse employment action in that her employment was terminated; and (3) that plaintiff would not have been terminated "but for" her complaint of age-based discrimination.⁷

In order to maintain a claim for age-based discrimination under the ADEA and LEDL,

---

³R. 70 at p. 4.

⁴R. 68.

⁵Fed. R. Civ. P. 62.1(a).

⁶\_\_\_\_ U.S. \_\_\_\_\_, 129 S.Ct. 2343 (2009).

⁷R. 63 at pp. 26-27.

2

plaintiff must show that she was (1) discharged; (2) qualified for the position from which she was discharged; (3) within the protected class at the time of her discharge; and (4) either replaced by someone outside the protected class or otherwise discharged because of her age.[8] Plaintiff asserts that this court has already held that she has made a prima facie showing of age-based animus and, for that reason, dismissal of any claim for age-based termination should not be dismissed.

In our prior ruling, the court found that, as to plaintiff's discrimination claims based on the 2007 changes to her duties and pay, plaintiff would have established a prima facie case, were her claims not time barred and prescribed.[9] We did not, however, address the elements applicable to plaintiff's discriminatory discharge claim, listed above.

We now find that plaintiff has demonstrated a prima facie case for discriminatory discharge under the ADEA and LEDL, in that she has demonstrated that: (1) she was discharged from employment; (2) that she was qualified for the position from which she was discharged; (3) that she was within the protected class (over age 40) at the time of discharge; and (4) was replaced by someone outside the protected class (Candice Clancy – 33 years old in 2007). Our analysis cannot end there, however.

Plaintiff claims that the court's finding that, taken as true, her assertion that, when asked why her duties and pay were reduced in January of 2007, Talley answered that he knew plaintiff would retire in three or four years, constitutes direct evidence of age based animus should apply equally to her claim for discriminatory discharge. The court does not agree. Plaintiff has never contended or

---

[8] Rachid v. Jack In The Box, Inc., 376 F.3d 305 (5th Cir. 2004) (citing Palasota v. Haggar Clothing Co., 342 F.3d 569, 576 (5th Cir. 2003)) (quoting Bodenheimer v. PPG Indus., Inc., 5 F.3d 955 (5th Cir. 1993)).

[9] R. 63 at p. 19.

3

offered evidence to show that she was fired because Talley believed she intended to retire soon based on her age. On the contrary, plaintiff has strenuously argued that she was fired because she complained about Talley's purported comment to her employer.

Finding no direct evidence of age-based animus as to plaintiff's discharge from employment, we must continue our analysis under the burden shifting framework of McDonnell Douglas Corp v. Green.[10] Having found that plaintiff has adequately demonstrated a prima facie case of discriminatory discharge under the ADEA and LEDL, the burden shifts to defendant to demonstrate legitimate non-discriminatory reasons for plaintiff's discharge.[11]

Examining the record, we find that defendant offers plaintiff's misuse of paid vacation as the sole reason for her termination in October of 2007.[12] As we observed in our prior ruling, plaintiff does not seriously dispute that she took more paid vacation days than she was entitled to under the official Innophos policy.[13] We find, accordingly, that defendant has proffered a legitimate, non-discriminatory reason for plaintiff's termination. Under the McDonnell Douglas framework, the burden shifts again to plaintiff to demonstrate that this proffered reason is merely pretext for impermissible discrimination.[14]

As discussed in the prior ruling at issue, plaintiff offers evidence that other Innophos

---

[10] 411 U.S. 792 (1973); Rachid, 376 F.3d at 309 ("If, however, plaintiff produces direct evidence of discrimination, the McDonnell Douglas test is 'inapplicable').

[11] Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004) (citing Tex. Dep't. Of Cmty. Affairs v. Burdine, 450 U.S. 248, 255 (1981)).

[12] R. 63 at p. 1, n. 2.

[13] Id. at pp. 31-32.

[14] Patrick, 394 F.3d at 315 (citing McDonnell Douglas, 411 U.S. at 804).

4

employees, including Andy Chao, also took more vacation days than they were entitled to under the official policy, but were not discharged for that policy violation.[15] However, as pointed out by Innophos, plaintiff offers no evidence that Chao or any other employees alleged to have taken additional vacation were younger than plaintiff. Thus, while she may have offered some evidence of unequal treatment, she did not demonstrate that the basis for such treatment was age.

Plaintiff offers evidence that, each time she requested paid vacation leave, such requests were approved by Talley and Adams, her supervisors.[16] Again, plaintiff has not demonstrated that the excess leave allegedly taken by other employees was not also approved in the same or similar manner. Accordingly, plaintiff fails to show pretext and rebut the presumption arising out of Innophos' proffered legitimate, non-discriminatory reason for her discharge. Plaintiff's discriminatory discharge claims under both the ADEA and LEDL will, therefore, be dismissed with prejudice.

The court will issue a judgment in conformity with these findings.

April 25, 2011
Alexandria, Louisiana

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[15] R. 63 at p. 32.

[16] Id.