UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| SHARON WALTON-LENTZ | CIVIL ACTION NO. 08-601 |
|---|---|
| VERSUS | JUDGE TRIMBLE |
| INNOPHOS, INC. | MAGISTRATE JUDGE KIRK |

## ORDER

Before the court is a motion[1] by defendant Innophos, Inc. ("Innophos") seeking leave of court to file its proposed reply to plaintiff's opposition to its motion for stay and/or continuance in the above-captioned case.[2]

On February 22, 2011, this court issued its memorandum ruling, order and judgment on Innophos' motion for summary judgment.[3] The court found that plaintiff's purported claims for hostile work environment based on age-related harassment were not within the scope of her EEOC complaint and, therefore, outside of the scope of this court's jurisdiction. The court dismissed the plaintiff's hostile work environment claim accordingly, but certified that particular issue for immediate appeal pursuant to Fed. R. Civ. P. 54(b). Plaintiff filed her notice of appeal as to this issue on March 23, 2011.[4]

---

[1] R. 79.

[2] R. 75.

[3] R. 63, 64.

[4] R. 69.

1

On March 31, 2011, Innophos filed its motion to stay and/or continue.[5] Innophos based its motion on plaintiff's pending interlocutory appeal and the impact of that appeal on the efficient adjudication of plaintiff's remaining claims. Specifically, Innophos asserted that, without a stay, Innophos would be vulnerable to having to defend two (2) separate suits concerning the same operative facts. Similarly, Innophos pointed out that these separate suits would likely involve the same evidence and witnesses and that the costs associated with two separate trials is unfair given the availability of a stay which would render these issues moot.

As indicated in Innophos' motion and supporting memorandum, plaintiff withheld her consent to a stay or continuance. Although the court noted plaintiff's objection, our purpose in certifying a portion of our ruling for immediate appeal under Rule 54(b) was, as Innophos suggests, to further the goal of judicial efficiency by ensuring that, when the court does try plaintiff's claims, it may do so knowing that it is trying all existing claims, especially in light of the interrelated nature of these particular claims. Accordingly, the court granted Innophos' motion for a stay of proceedings pending the outcome of plaintiff's appeal on April 4, 2011.[6]

On April 18, 2011, plaintiff filed a memorandum in opposition to Innophos' motion for stay and/or continuance. Plaintiff's motion asserted that she should be able to proceed with her retaliatory discharge claims on the basis that these claims would not be impacted by the pending appeal as to her hostile work environment claim. Citing Falgoust v. Microsoft Corp.,[7] a 2009 ruling from the Eastern District of Louisiana, plaintiff asked the court to consider the following factors in

---

[5] R. 71.

[6] R. 73.

[7] 2000 WL 462919 (E.D. La. 2000) (internal citations omitted).

2

determining whether or not to grant the stay or continuance requested by Innophos: (1) hardship or inequity on the moving party without a stay; (2) prejudice the non-moving party will suffer if a stay is granted; and (3) judicial economy.[8] Plaintiff asserted that Innophos failed to demonstrate sufficient basis for a grant of stay or continuance under these factors. The court disagrees.

The court finds that Innophos would be subjected to hardship in the event that its request for a stay is denied. Specifically, we agree with Innophos that the interrelation of the factual allegations between plaintiff's purported hostile work environment claim and her retaliatory discharge claim make separate trial of these claims undesirable, especially with respect to availability of witnesses and costs of travel. We also find that plaintiff has not demonstrated any threat of prejudice, save her own desire to try her claims as quickly as possible, to which she would be subjected if the stay is granted. Lastly, the court feels strongly that the scope of the EEOC claim, which, in turn, determines the scope of the claims to be tried by this court, is a fundamental determination that must be made before the parties may fairly anticipate the arguments and defenses necessary at trial. Thus, the stay clearly promotes judicial efficiency and lowers the cost of these proceedings for the parties.

Examining the jurisprudence addressing the issue of discretionary stays by courts, we find no basis for denial of a stay in this particular case. The stay requested here is not indefinite, lasting only so long as the appeal is pending, and does not prohibit the enforcement of any order for relief already issued.[9]

Accordingly, construing plaintiff's late filed opposition to Innophos' motion for stay as a

---

[8] R. 75 at p. 4.

[9] Wedgeworth v. Fibreboard Corp., 706 F.2d 541, 545 (5th Cir. 1983) citing McKnight v. Blanchard, 667 F.2d 477, 479 (5th Cir. 1982).

3

motion for reconsideration, such motion is hereby **DENIED**. The stay of proceedings ordered by the court shall remain in effect until resolution of plaintiff's appeal by the United States Court of Appeals for the Fifth Circuit.

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 29th day of April, 2011.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE